# Kuether v. Loev

*Jonathan Wheeler,* for plaintiffs.
*Matthew Corso,* for defendant Loev.
*Mark R. Zolfaghari,* for defendant Snyder.
*Lise Luborsky,* for defendant PPCIGA.

ACKERMAN, *J.,* January 30, 2001—This is an appeal from the order entered by this court in this medical malpractice matter on December 18, 2000 denying plaintiffs' petition to enforce settlement after consideration of such petition and the answer of Pennsylvania Property and Casualty Insurance Guaranty Association.

This case was settled for the "gross amount of $385,000" without prejudice to the right of the plaintiffs to litigate a certain setoff issue with PPCIGA. (TR 3, January 13, 1999.)

In this case, PPCIGA asserted a statutory setoff of $20,640.25 and paid to the plaintiffs the sum of $179,359.75 ($200,000 representing the admitted gross statutory primary coverage limit on behalf of defendant, Marvin Loev M.D., pursuant to the provisions of the Pennsylvania Property and Casualty Insurance Guaranty

Act). Plaintiffs were paid all of the $385,000 settlement except the disputed setoff amount of $20,640.25.

Plaintiffs assert that because the disputed setoff sum of $20,640.25, admittedly already paid to plaintiffs by their health insurance carrier pursuant to their health insurance policy, was also claimed in the settled medical malpractice case, there was no legal basis for such setoff pursuant to 40 Pa.C.S. §991.1817(a).

The issue involved in this case and other malpractice cases involving PIGA concerns the interpretation of the Pennsylvania Property and Casualty Insurance Guaranty Act "nonduplication of recovery" (40 Pa.C.S. §991.1817(a)) which states the following:

"Any person having a claim under an insurance policy shall be required to exhaust first his right under such policy. For purposes of this section, a claim under an insurance policy shall include a claim under any kind of insurance, whether it is first-party or third-party claim, and shall include, without limitation, accident and health insurance workers' compensation, Blue Cross and Blue Shield and all other coverages except policies of an insolvent insurer. Any amount payable on a covered claim under this Act shall be reduced by the amount of recovery under other insurance."

40 Pa.C.S. §991.1801 Purpose states in relevant part as follows: "to . . . avoid financial loss to claimants or policyholders as a result of the insolvency of an insurer."

The case of *McCarthy v. Bainbridge,* 739 A.2d 200 (Pa. Super. 1999), decided by our Superior Court, held

that the nonduplication provision of the statute in question only prohibits recovering duplicatively, *i.e.,* twice for the same loss, that is, in order to provide a setoff for PPCIGA, there must be some relationship between the claim against PPCIGA and the claim under the other insurance. In *McCarthy,* the Superior Court held that PIGA could *not* set off money owed to a claimant for life insurance proceeds received by the claimant because life insurance covered different risks and losses than the amounts claimed in a medical malpractice case. The *McCarthy* case is before the Supreme Court, which has just heard argument on its granting of allocatur.

Unlike the *McCarthy* case, where *life insurance* was not specifically set forth in the statute but was argued as covered by the reference "all other coverages," this case involves a setoff of amounts already received by plaintiffs under *health insurance specifically* set forth by the statute.

It appears to this court that the plain meaning of the statute alone compels the setoff by PPCIGA in this case.

In the alternative, assuming the test asserted by the Superior Court is upheld by the Supreme Court, it is also clear that the source of payment to the plaintiffs, *i.e.,* health insurance (which is also claimed in this medical malpractice case), involves the same risks and losses involved in the instant settled case and bears the necessary reasonable relationship between the claim against PPCIGA and the claim under the health insurance.

Conceivably, the "necessary relationship" test asserted by the Superior Court might only apply to cases involving payment under the less specific statutory language of "all other coverage" and/or "any kind of insurance."

The case of *Strickler v. DeSai,* PICS no. 01-0096, was recently decided by a panel of the Superior Court. In that case, a health insurance carrier, U.S. Healthcare, paid the plaintiffs $423,374.48. The trial court denied the plaintiffs' motion to compel PIGA to pay its liability limits of $200,000. The Superior Court held that PIGA was entitled to a setoff because the complaint and pretrial statement of plaintiffs explicitly claimed as damages the costs of medical expenses incurred. Thus, plaintiffs could not duplicate recovery by receiving payment from PIGA.

This court sees no distinction between the facts of the case at bar and those in *Strickler.* See also, *Panea v. Isdaner,* 39 D.&C.4th 129 (1999), decided by Philadelphia Common Pleas Court Judge Mark I. Bernstein. There is no issue in this case as to whether the settlement included all damages. The release expressly states that it covers "all . . . losses and damages" and "any further injuries, losses and damages . . . ." See release ¶1 and ¶3, exhibit "A" to plaintiffs' petition to enforce. The health insurance payments therefore were for the loss covered by the settlement.

Accordingly, this court properly denied plaintiffs' petition to enforce settlement in this case where a setoff was required under the facts and law.